**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4078**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

RYAN DAVID MATTHEWS, a/k/a Red,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:11-cr-00147-AW-6)

Submitted: July 12, 2012        Decided: August 3, 2012

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Dwight E. Crawley, LAW OFFICE OF DWIGHT E. CRAWLEY, Washington, D.C., for Appellant. Arun G. Rao, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan David Matthews pleaded guilty to conspiracy to distribute and possess with intent to distribute phencyclidine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Matthews to 168 months of imprisonment and he now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Matthews' guilty plea was knowing and voluntary and whether the sentence was reasonable, but stating that there are no meritorious issues for appeal. Matthews was informed of his right to file a pro se supplemental brief, but did not do so. The Government has filed a motion to dismiss Matthews' appeal of his sentence based on Matthews' waiver of his right to appeal in his plea agreement. For the reasons that follow, we dismiss the appeal of Matthews' sentence and affirm his conviction.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This Court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169. To

2

determine whether a waiver is knowing and intelligent, this Court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). We have thoroughly reviewed the record and conclude that Matthews' guilty plea was knowing and voluntary. We also conclude, therefore, that Matthews knowingly and intelligently waived his right to appeal his sentence under the circumstances presented.

Because we conclude the appellate waiver was valid and bars Matthews from appealing his 168-month sentence, we grant the Government's motion to dismiss the appeal to the extent it seeks appellate review of Matthews' sentence. We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm Matthews' conviction.

This Court requires that counsel inform Matthews, in writing, of the right to petition the Supreme Court of the United States for further review. If Matthews requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Matthews. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>

4